IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-33-BO

DEIDRA WILLIAMS,
        Plaintiff,

v.

WAL-MART STORES EAST, L.P.,
        Defendant.

ORDER

This cause comes before the Court on defendant's motion to dismiss [DE 12]. The time has elapsed for plaintiff to respond and the matter is ripe for ruling. For the following reasons, defendant's motion is GRANTED.

## BACKGROUND

Plaintiff, who is black, was employed by defendant as an associate from October 1, 2015 until September 4, 2017. She was terminated for reporting to work late, in violation of defendant's attendance policy. She was told upon termination she could be rehired, but later, was informed she could not be. A white employee who had been terminated was rehired. Plaintiff then filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was not rehired on the basis of her race. The EEOC issued a dismissal, notifying her of her right to sue. Plaintiff, appearing *pro se*, filed the instant action in this court. She brings two claims under Title VII of Civil Rights Act of 1964—discriminatory termination and discriminatory failure to rehire. Defendant has now moved to dismiss both counts.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the

court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss so long as they are integral to the complaint and authentic. Fed. R. Civ. P. 10(c); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). A claim must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure when a court lacks subject matter jurisdiction.

Although the Court must construe the complaint of a *pro se* plaintiff liberally, such a complaint must still allege "facts sufficient to state all the elements of [her] claim" in order to

2

survive a motion to dismiss. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Here, plaintiff's claims must be dismissed. First, plaintiff's discriminatory termination claim fails because she did not exhaust her administrative remedies as required by law, and so this Court lacks subject matter jurisdiction.

Before a plaintiff can make a claim of discrimination under Title VII in federal court, she must exhaust her administrative remedies. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009). If a plaintiff has not taken a claim to an administrative forum before presenting it in federal court, the court lacks jurisdiction over that claim. *Id.*; *Tonkin v. Shadow Mgmt., Inc.*, 605 F. App'x 194 (4th Cir. 2015). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996).

Here, plaintiff only alleged that the failure to rehire her was discriminatory in her EEOC complaint. [DE 13-1]. She did not allege that she was terminated for discriminatory reasons. In fact, she alleged she was terminated for a fair reason—her attendance. Because of this, her allegation of discriminatory discharge is not reasonably related to the original complaint, nor would it be developed by reasonable investigation. She has failed to exhaust her administrative remedies as to that claim. This court lacks jurisdiction, and the claim must be dismissed.

Second, plaintiff's failure to rehire claim must also be dismissed, as she has failed to state a claim upon which relief could plausibly be granted.

Plaintiff's claim is of discriminatory failure to rehire. Such a claim has four elements: first, that plaintiff is a member of a protected class; second, that her employer had an open

3

position for which she applied or sought to apply; third, that she was qualified for the position; and fourth, that she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959-60 (4th Cir. 1996); *Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Each of these elements must be alleged in order to state a claim. Here, plaintiff has not done so. While she has established that she is a member of a protected class, she has not claimed that she applied or sought to apply for an open position, that she was qualified, or that she was rejected under a particular set of circumstances. Her statement that the assistant general manager told her she could not be rehired is not enough to allege that she sought to apply for an open position for which she was qualified. She simply has not made that claim. Nor is the claim that another person was rehired, even thought that person is white, enough to plausibly allege she was rejected under a particular set of circumstances supporting an inference of racial discrimination. Because of this, plaintiff did not plead facts such that her claim may go forward. It must be dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 12] is GRANTED. The Clerk is DIRECTED to correct defendant's name on the docket, as requested in their supporting memorandum. [DE 13 n. 1] The Clerk is further DIRECTED to enter judgment and close the case.

SO ORDERED, this __/__ day of July, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE